IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PINNACLE HEALTH FACILITIES**
**XXXIII, L.P., doing business as Sagecrest**
**Nursing and Rehabilitation Center, et al.**

**Plaintiffs,**

v.                                                                                  No. CIV 15-1062 RB/LAM

SARA CRECCA, as Personal Representative
Of the Wrongful Death Estate of
Robert Narvaez, Deceased,

       **Defendant.**

**ORDER ADOPTING JOINT STATUS REPORT AND**
**PROVISIONAL DISCOVERY PLAN WITH CHANGES AND**
**SETTING CASE MANAGEMENT DEADLINES**

      **THIS MATTER** came before the Court on a telephonic Rule 16 Initial Scheduling Conference held on March 23, 2016. Following a review of the parties' Joint Status Report and Provisional Discovery Plan filed on March 10, 2016, and after conferring with counsel, the Court adopts the Joint Status Report and Provisional Discovery Plan modified as follows:

    a)    Maximum of twenty-five (25) Interrogatories, including all discrete subparts, by each party (responses due <u>30</u> days after service);

    b)    Maximum of twenty-five (25) Requests for Admission by each party (responses due <u>30</u> days after service);

    c)    Maximum of eight (8) depositions by Plaintiff(s) and eight (8) depositions by Defendant(s); and

    e)    Depositions of named parties and experts are limited to 7 hours, unless extended by agreement of the parties; depositions other than of named parties and experts are limited to 4 hours unless extended by agreement of the parties.

The following case management deadlines have been set:

| | | |
|---|---|---|
| a) | Deadline for Plaintiff(s) to amend pleadings or add additional parties pursuant to Fed. R. Civ. P. 15, which may require opposing party's written consent or leave of Court: | **April 15, 2016** |
| b) | Deadline for Defendant(s) to amend pleadings or add additional parties pursuant to Fed. R. Civ. P. 15, which may require opposing party's written consent or leave of Court: | **May 15, 2016** |
| c) | Plaintiff(s)' Rule 26 (a)(2) expert disclosure[1]: | **April 22, 2016** |
| d) | Defendant(s)' Rule 26 (a)(2) expert disclosure[1]: | **May 23, 2016** |
| e) | Termination date for discovery: | **June 21, 2016** |
| f) | Motions relating to discovery to be filed by: | **July 11, 2016** |
| g) | Pretrial motions other than discovery motions (including motions which may require a Daubert hearing) filed by: | **August 1, 2016** |
| h) | Pretrial Order: Plaintiff(s) to Defendant(s) by:<br>Defendant(s) to Court by: | **October 24, 2016**<br>**November 7, 2016** |

Any extension of the case management deadlines must be approved by the Court. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery deadline.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] All expert witnesses must be disclosed by this date, but only those who are retained or specifically employed to provide expert testimony must submit an expert report.  *See* Fed. R. Civ. P. 26(a)(2)(B); *Musser v. Gentiva Health Servs.*, 356 F.3d 751 (7th Cir. 2004); *Farris v. Intel Corp.*, 493 F.Supp. 2d 1174 (D.N.M. 2007), and *Blodgett v. United States*, 2008 WL 1944011 (D. Utah).  Expert witnesses not required to provide a written report must provide a summary disclosure under Rule 26(a)(2)(C) by this date.  The parties must have their expert(s) ready to be deposed at the time they identify them and provide their reports.